IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


CONSULTO YOUNG,                                                                    PLAINTIFF

vs.                                        Civil No. 1:25-cv-01050

FRANK BISIGNANO,                                                                  DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Consulto Young ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles XVI and Title II of the Act.

The parties have consented to the jurisdiction of a magistrate judge to conduct all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (ECF No. 6.)  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background**

Plaintiff filed her disability applications on December 8, 2021.  (Tr. 57.)[1]  In these applications, Plaintiff alleged being disabled due to fibromyalgia, chronic pain, a weak immune system, and Achilles tendonitis.  (Tr. 275.)  Plaintiff alleged an onset date of June 10, 2021.  (Tr.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____."  The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 7.  These references are to the page number of the transcript itself not the ECF page number.

1

57.)  Plaintiff's applications were denied initially upon January 20, 2023, and again upon reconsideration on September 11, 2023.  *Id.*

Plaintiff requested an administrative hearing on her denied applications, and this request was granted.  (Tr. 57.)  An Administrative Law Judge ("ALJ") conducted the hearing on March 7, 2024.  (Tr. 73-101.)  At this hearing, Plaintiff was present and represented by Leanne Cook.  *Id*. Plaintiff and Vocational Expert ("VE") Thomas E. Bott both testified at the hearing.  *Id*.

On April 29, 2024, the ALJ entered an unfavorable decision.  (Tr. 57-67.) In this decision, the ALJ determined Plaintiff met the insured status requirements of the Social Security Act through December 31, 2024.  (Tr. 59, Finding 1.)  The ALJ also determined Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date, June 10, 2021.  (Tr. 59, Finding 2.)  Additionally, the ALJ determined Plaintiff had the severe impairments of skeletal spine, obesity, status post right thumb trigger finger release, and mild degenerative disease of the right first CMC and IP joints.  (Tr. 59, Finding 3.)  Despite being severe, the ALJ determined Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.  (Tr. 60, Finding 4.)

The ALJ then determined Plaintiff had the Residual Functional Capacity ("RFC") to perform light work with the exceptions of never climbing ladders, ropes, and scaffolds; occasionally climbing ramps and stairs, stooping, kneeling, crouching, and performing frequent fingering with the right hands; and avoiding hazards such as exposed moving mechanical parts and unprotected heights.  (Tr. 61, Finding 5.)  The ALJ also determined Plaintiff was capable of performing Past Relevant Work ("PRW") as a housekeeper cleaner because this work did not require the performance of work-related activities precluded by Plaintiff's RFC.  (Tr. 65, Finding

2

6.) The ALJ further determined there were jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as a price marker with 131,383 jobs in the national economy, routing clerk with 117,393 jobs in the national economy, and laundry sorter with 15,500 jobs in the national economy. *Id*. Based upon these findings, the ALJ determined Plaintiff had not been disabled during the time period between June 10, 2021, through the date of the decision. (Tr. 67, Finding 7).

On June 24, 2025, Plaintiff filed the present appeal. (ECF No. 2.) Both parties have filed appeal briefs. (ECF Nos. 11, 13.) Plaintiff filed a reply brief to Defendant's appeal brief. (ECF No. 16.) This case is now ready for discussion.

## 2. **Applicable Law**

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

If substantial evidence supports the ALJ's conclusion, the Court cannot reverse simply because substantial evidence also supports a different outcome. *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010); *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). Therefore, "if after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Goff v. Barnhart*, 421 F.3d 785, 790-91 (8th Cir. 2005); *Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A), *Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. § 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of their RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920.

3. **Discussion**

In her appeal brief, Plaintiff raised the argument that the ALJ failed to describe the "total limiting effects" of all impairments, specifically those surrounding her fibromyalgia diagnosis, in the RFC. (ECF No. 11.) In response, Defendant argues the ALJ properly evaluated Plaintiff's fibromyalgia diagnosis. (ECF No. 13.)

Fibromyalgia "is a complex medical condition characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues that has persisted for at least 3 months." SSR 12-2p, 2012 WL 3104869. SSR 12-2p provides guidance on how to review a claim involving fibromyalgia, which includes considering that pain symptoms and fatigue can come and go and may even be absent, and the importance of taking a longitudinal view of the record. *Id.*

There are two ways for evaluating whether fibromyalgia is a medically determinable impairment as set forth in SSR 12-2p. The first requires a (1) a history of widespread pain, (2) at least 11 positive tender points on physical examination with various requirements, and (3) evidence that other disorders that could cause the symptoms or signs were excluded. *Id.* The second requires (1) a history of widespread pain, (2) repeated manifestations of six or more fibromyalgia symptoms, signs, or co-occurring conditions, and (3) evidence that other disorders that could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded. *Id.*

After a review of the entire record, the undersigned finds that the ALJ's final decision should be reversed and remanded for reconsideration of the effects of Plaintiff's fibromyalgia as set forth in SSR 12-2p. The ALJ made no reference to SSR 12-2p, and it is unclear if the ALJ considered the relevant evidence in evaluating Plaintiff's fibromyalgia diagnosis. It is also unclear whether the ALJ considered Plaintiff's fibromyalgia and limitations in assessing Plaintiff's RFC.

5

*See Patton v. Kijakazi*, 22-CV-2017, 2023 WL 1788552 at *2 (W.D. Ark. Jan. 20, 2023) (recognizing the obligation of considering fibromyalgia under SSR 12-2p and holding "[t]he ALJ's failure to address Plaintiff's fibromyalgia and alleged symptoms leaves the Court unable to determine whether substantial evidence supports the ALJ's decision."). On remand, ALJ should evaluate the effects of Plaintiff's fibromyalgia consistent with the guidance of SSR 12-2p.

## 4. <u>Conclusion</u>

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff is not supported by substantial evidence based on the ALJ's failure to consider Plaintiff's fibromyalgia diagnosis as set forth in SSR 12-2p. As such, this case is reversed and remanded for further findings consistent with this opinion. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

This Court reverses and remands only for the purpose of conducting the SSR 12-2p analysis. This opinion should not be interpreted as requiring Plaintiff be awarded disability benefits upon remand.

**ENTERED this 8th day July 2026.**

/s/ *Spencer G. Singleton*
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE